No. 27.—SAMUEL BLAKE, plaintiff in error, *vs.* FREEMAN & ROBERTS, defendants in error.

[1.] A party cannot prove his claim in Magistrates' Courts by his own oath, in any sum over thirty dollars.

This was a *certiorari* from Bibb Superior Court. Heard by Judge POWERS, at November Term, 1852.

Blake was sued on this bill, or order, viz :

"MACON, December 26, 1849.

Please pay Roberts & Freeman thirty seven dollars and fifty cents, and oblige yours respectfully,

SAMUEL R. BLAKE.

To Z. T. CONNER, Macon."

On the trial the Justice of the Peace allowed one of plaintiffs (among other things now waived,) to swear as to *his* having presented the draft, and what defendant said, having first sworn that he had no other way to make out his case.

The *certiorari* was sustained, on the ground that by the proceedings sent up, it appeared that the draft was presented for acceptance, and defendant had no notice of the refusal and no excuses in law shown. But the Court overruled the exceptions taken.

1st. That a plaintiff was allowed, and ought not to have been allowed to swear to his debt or demand, which was not on an "account."

2d. That it was for an amount above the sum of *thirty* dollars, and that the Act of '51–2, raising the Justices' jurisdiction, *in Macon*, to $50, did not change the rule of evidence, as to amounts above $30 ; that being the limit of demands to which plaintiffs can swear to in *any* case.

And on these exceptions, plaintiff in error assigns error.

RUTHERFORD, for plaintiff in error.

STUBBS & HILL, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] We consider that in no case where the amount sued for is over thirty dollars, or where the set-off is over thirty dollars, can either party prove his account by his own oath. Because the Act of 1842 so says, in so many words. The 3d section of that Act is in these words : "When the claim of the defendant is an open account, the Justices may allow such open account to be proven in open Court. *Provided*, that neither of the parties shall be allowed to prove their accounts by their own oath in any sum over thirty dollars." (*Cobb's N. D.* 653.) The action here was for the sum of thirty-seven dollars and fifty cents. So far, then, there can be no room for two opinions. But, says the counsel for the defendant in

error, the Act of 1851–2, which raises the jurisdiction of Magistrates' Courts, in the City of Macon, to fifty dollars, repeals the 3d section of the Act of 1842. This it does not do in terms. It says not a single word about the Act of '42, or about parties proving their claims by their own oath. If the Act of '42 then, is repealed at all, it is by implication. There is nothing in the Act of '51–2, but the provision "that the Magistrates of the City of Macon shall have jurisdiction in all civil cases where the principal does not exceed fifty dollars," and a general repealing clause. (*Acts of* '51–2, *p.* 439.) The implication must arise, therefore, if at all, from the fact that the jurisdiction is raised to fifty dollars. We do not think that there is the least ground for the implication to stand upon. The one Act limits a rule of *evidence*, whilst the other enlarges a *jurisdiction*. The subject matters of the two Acts are separate, diverse and alien. All that can be said about it is, that the reason for allowing the oath of the party is as strong in the one case as the other. Not necessarily so, but let it be so, and we say that we have no power to make a aw because there is a good reason for it.

As we deny the competency of the party altogether, it is not necessary to determine the other point as to the right of a party to prove a demand other than an account.

Let the judgment be reversed.